DANIEL DORIA, APPEARING PRO SE
1472 W. HORSESHOE BEND DR. 238
CAMP VERDE, AZ 86322-7906
Telephone: 702.279.5326
Email: dd2225@nau.edu
ddoria@universalcaninehealthcare.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT

OF

ARIZONA

Case No. CV-23-8008-PCT-DLR

DANIEL DORIA,
            Plaintiff
v.
VERDE RIVER RV RESORT
& COTTAGES, and VERDE
VALLEY INTERNET

            Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR OSC RE PRELIMINARY INJUNCTION**

Courtroom:
Location:


Judge: Hon

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1-3

II. STATEMENT OF MATERIAL FACTS ............................................................. 3-5

A. Parties................................................................................................................3

B. Verde Valley Internet's Illegal Use of Security Codes....................................3

C. Verde Valley Internet's Violent Assault..........................................................4

D. Verde River RV Resort's Complicity in VVI's Acts.......................................4

E. Verde River RV Resort's Failure to Restrict Vendors....................................5

F. Verde River RV Resort's Ongoing Failure to Secure.....................................5

Verde River RV Resort's Unlawful Eviction.........................................................5

III. ARGUMENT

    A. Legal Standard................................................................................................5-7

    B. TRO Is Needed To Prevent Further Violence and Abuse.............................7-8

    C. The Balance Of Hardships And Public Policy Favor The Relief
        Plaintiff Requests...........................................................................................8-9

    D. No Bond Should Be Required..........................................................................9

IV. CONCLUSION......................................................................................................10

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

ii.

# TABLE OF AUTHORITIES

Cases

*Gorbach v. Reno*, 219 F.3d 1087 (9th Cir. 2000)..........................................10

*Jorgansen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)..........................7

*Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009)..................7

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

**Statutes, Regulations, and Rules**

Arizona Revised Statutes
  § 13-1203.................................................................................2,6
  § 33-1367..................................................................................6,7
  § 13-2310....................................................................................7

Federal Rules of Civil Procedure
  Rule 65........................................................................................7

Identity Theft & Assumption Deterrence Act of 1998............................2

U.S. Code
  18 U.S. Code § 2261A..................................................................6

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

iv.

## I. INTRODUCTION

1. Daniel Doria, the Plaintiff in this action, is a double full-time college student and graduate. I am building a canine healthcare infrastructure to serve Camp Verde, increasing its value and that of surrounding regions. Defendant VRRV is an RV resort in Camp Verde, AZ, and has statutory and contractual obligations as a landlord and property owner. Defendant Verde Valley Internet is a wireless-internet service provider serving the Verde Valley. VVI is responsible for safeguarding its customer proprietary and identifiable information to only be used for their intended business purpose. In this case, VVI used the gate codes to gain access to the home and assault one of its clients. Verde River RV authored and signed a lease agreement that auto renews on the 12th calendar day of every month, and has for the twenty-eight (28) months prior to the conflict referenced herein. VRRV failed to restrict or protect customer-identifiable information, including gate access codes in any way, which later resulted in physical bodily harm.

2. VRRV has yet to produce a systematic plan to stop vendors on the property from using the property's secure gate codes to perform activities that aren't business related on the property. In this case, VVI intended to and did use the information to perpetrate an act of violence.

3. Between November 27th, and December 1st, I was assaulted at my home by Bjorn Nittmo and remotely by Mark Lydekainin, due to the Defendants' failure to secure the proprietary codes and failure to define terms of acceptable and restricted behavior for businesses visiting the property.

4. I, the U.S., and the State of Arizona have invested a lot of resources in treatment for symptoms related to repeated perceived trauma, physical, emotional, and circumstantial. When violent actions, specifically, as well as malicious legal actions, affect my person, this can cause the need for more analysis, processing of information, coping, and potentially treatment.

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

1.

5.  Mr. Nittmo verbally assaulted me in my front yard. When I refused to submit to his demands he grabbed me, and threw me to the ground. We rolled around until he pinned me to the ground. I grabbed his throat and started shouting threats, and he de-escalated.

6.  Following the attack, I contacted the police, and Mr. Nittmo instead contacted the Defendant, Verde River RV Resort & Cottages. At an unknown time, Mr. Nittmo spoke to the police, and falsely claimed that I initiated the assault. It's worth noting that Mr. Nittmo entered the park without authorization, entered my space without invitation, and knocked on my front door.

7.  Days later, following VRRV's first unlawful eviction attempt, Mr. Lydekainin, at the direction of Ellen Maucher, Park Manager, was seen by a neighbor on or about November 31st, 2022, banging on my front door while heavily intoxicated and shouting for me to come outside and talk. Meanwhile, he simultaneously texted me, telling me he needed some help and could count on me because 'we're friends.' Mr. Lydekainin is aware of my nature, my businesses and my willingness to friends and acquaintances, so had I been home, this was a robust means of baiting me out.

8.  Based on Nittmo's false claims, the Police informed VRRV that I was the aggressor in the conflict, and relied on these statements to attempt to evict me from the property. VRRV was provided substantial evidence and witness availability to corroborate my version of events, and both VRRV and local law enforcement have opted not to take those statements. This decision allows for its conclusions to be potentially harmful if presented to the public, as VRRV claims it has done here, opting to attempt to evict.

Defendant's actions constitute violations of The Identity Theft & Assumption Deterrence Act of 1998, A.R.S. § 13-1204 Aggravated Assault; 18 § U.S.C. 2261A Stalking; A.R.S. 33-1367 Unlawful Eviction and A.R.S. § 13-2310 Fraudulent Schemes. Actual or threatened violations of these statutes

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

2.

provides the basis for the relief being sought in this motion. I seek a preliminary injunction to prevent Defendants' from further violations and from destroying evidence related to their activities surrounding the allegations herein.

## II. STATEMENT OF MATERIAL FACTS

### A. Parties.

I the Plaintiff, Daniel Doria, am a double full-time college student and graduate, and am building a canine health care infrastructure to Serve Camp Verde, increasing its value and that of surrounding regions.

Defendant VRRV is an RV resort in Camp Verde, AZ. Defendant Verde Valley Internet is a wireless internet service provider serving the Verde Valley area.

### B. Verde Valley Internet's Illegal Use of Security Codes

Mr. Nittmo has access to property gate codes through his relationship as the owner of Verde Valley Internet. Verde Valley Internet is granted those codes for the sole purpose of Verde Valley Internet business functions. Those approved functions do not include violence. Mr. Nittmo illegally accessed the codes when attempting to access the property for violence. Guests are strictly prohibited from providing the codes, even to vendors such as Verde Valley Internet. VVI had no legitimate reason to be on property or at space 238.

### C. Verde River RV Resort's Complicity In VVI's Acts

Following VRRV's decision to eject me from my home, I provided it with a true version of the events. It did not object to Mr. Nittmo's cause for accessing the grounds and my space that day. VRRV has refused to take action against individuals who misappropriate the gate codes and have attempted to punish those who stand up to this form of bullying.

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION                3.

### D. Verde Valley Internet's Violent Assault

On November 27th, 2022, I was caring for two senior canines over the age of fourteen. When Mr. Nittmo came to my door to threaten me, his verbal assault became physical when he grabbed me and threw me to the ground. Verde Valley Internet has been allowed to stipulate to avoid such behavior in the future to simplify this litigation process and opted not to, giving rise to the need for its inclusion here.

### E. Verde River's Fraudulent Scheme

Verde River RV originally advertised that it's park is screened for certain types of criminal offenders if they intend to live here for an extended term. That is not and has never been confirmed. The claim was later removed from Verde River RV's website. This claim caused the market appeal to any desiring a safe property and caused me to rely on the false claim when selecting my future home in 2022. While the disappointment of discovering this was untrue did not materially impact my experience until that date, the expected outcome of such a false claim proved that risk and time always win when Mr. Nittmo took it upon himself to use those codes and access my address.

### F. Verde River's Failure to Restrict Vendors

Verde River took absolutely no steps to safeguard the behavior of vendors on its property. Contrary to the lease terms, vendors such as Mr. Nittmo and his staff roam the property freely without checking in or even getting daily permission from the park to be on the property. This is a contract breach. While I am not bringing an action for breach of contract, this paints a picture of the culture that allowed Mr. Nittmo to think that his violent behavior was acceptable. Had VRRV asked each vendor sign an 'intended use' agreement for the gate codes to the property, Mr. Nittmo could have been made aware prior that his behavior would not be tolerated. It was later discovered that his conduct would be accepted and profited from.

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION         4.

### G. VRRV's Ongoing Failure to Secure

VRRV continues to refuse to hold Verde Valley Internet accountable for its actions on the property and to deny it access if it is for violent purposes. Following Mr. Nittmo's attack, VRRV had a duty to set an expectation with Mr. Nittmo and not only failed to do so but reinforced his violent behavior. VRRV's refusal to secure the property has resulted in the necessity to maintain its false claim with the Marshal's Office that I initiated the altercation in my front yard. It is now complicating the path to legal resolution.

### H. VRRV's Unlawful Eviction

Following VRRV and VVI's cooperation, VRRV opted to eject me from the park based on the false claim that I had attacked Mr. Nittmo. Following a misleading apology letter from park management, I visited the office to pay rent on my due date, the 12th of January. I was informed at that moment that I was being ejected from the park, and payment was refused. When I told the clerk, Tariina Bench, that I was calling the Marshal to witness the rental payment attempt, according to VRRV, Tariina claimed to have been uncomfortable, prompting what it claimed was the need for its own protection. I anticipate a spirit of victimhood to be claimed by the Defendants moving forward.

## III.   ARGUMENT

### A.   Legal Standard.

"The legislative history reveals that § 13-2316.01 and related statutes were enacted to modernize the criminal code in light of the increased use of computer technology ... The ... H.B. 2428 reveals that the bill was directed at "the use of computer technology ... in crimes related to fraud, identity theft, unauthorized access into computer systems, the dissemination of proprietary and security information[,] and sex crimes." (H.B.2428, 44th Legis.Sess.(Ariz.2000). Here, VRRV disseminated the information, continues to, and VVI refuses to agree not to misuse it further.

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

5.

this later resulted in an assault on its property.

Pursuant to *A.R.S. § 13-1203*, 'A person commits assault by: 1. intentionally, knowingly or recklessly causing any physical injury to another person;or 2. Intentionally placing another person in reasonable apprehension of imminent physical injury;or 3. knowingly touching another person with the intent to injure, insult, or provoke such person.' Here, Mr. Nittmo performed the act of assault by Arizona's standards by threatening me in my front yard, and a second act when he physically attacked me.

Pursuant to the *18 U.S.C. § 2261A*, 'whoever (1) travels in interstate or foreign commerce or is present within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel or presence engages in conduct that (A)places that person in reasonable fear of the death of, or serious bodily injury to (i)that person';...' has committed the act of stalking. Here, I have been in four physical altercations in my life, all being defensive.  Mr. Nittmo on the other hand, is a trained former professional NFL football player. When I was attacked by Mr. Nittmo, I feared for my safety and my life.

Pursuant to *A.R.S. 13-2310,* a 'Fraudulent Scheme is defined as:A. Any person who, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions..." has perpetrated a Fraudulent Scheme. Here, VRRV knew that its website made false representations, and profited from those false representations.  Specifically, it has brought in direct revenue from me, and short-term and long-term guests that I have guided to the park.

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

6.

Pursuant to A.R.S. 13-1367, whoever 'excludes the tenant from the premises or willfully diminishes services to the tenant...the tenant may...recover an amount not more than two months' periodic rent or twice the actual damages sustained by him, whichever is greater.

In this case, Defendant VRRV: (a) almost immediately changed the gate access codes, locking me out of the property and my canine and canine clients inside. VRRV sent the new codes to all park guests, with me being the only exception; (b) began issuing unsanctioned 'demand to vacate' notices followed by an apology letter, followed by a 'renewed notice' citing letters still not served; (c) after failure to notify me of its desire for me to vacate, following its apology letter, VRRV informed me that I was being ejected weeks later, verbally, by a leasing agent who appeared to be unclear why I wasn't allowed to pay rent. These acts diminished services as well as peaceful enjoyment the park.

based

, set forth more fully herein.

**B. A TRO is Needed to Prevent Further Violence, Stalking, Misuse of Security Information, and Unlawful Eviction**

Under Federal Rule of Civil Procedure 65, a district court may issue a temporary restraining order ( TRO ) to prevent immediate and irreparable injury, loss, or damage [ ] to the movant. Fed. R. Civ. P. 65(b), (d). I would suffer immediate and irreparable injury, loss and damage should the Court not issue a TRO, enjoining Defendants from:

(a) providing security information supplied by or to a guest, to vendors without restricting vendor activity on the property.

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

7.

    (b)    allowing or causing security information supplied by or to a guest to be used to achieve violent acts.

    (c)    using security information supplied by or to a guest to access client homes without permission.

    (d)    verbally threatening Mr. Doria or his business in physical proximity to Mr. Doria's home.

    (e)    becoming violent with Mr. Doria at his home or his business.

    (f)    threatening the safety of the immediate care provider of an emotional support animal in close proximity to the physical threat.

    (g)    causing guests of VRRV to believe security measures are in place when they are not, and then profit from that misdirection.

    (h)    further actions toward an eviction, or refusing to renew without cause (assuming Mr. Doria pays the required rental amount)

    (i)    setting an OSC re preliminary injunction within fourteen (14) days of the issuance of the TRO. At the preliminary injunction hearing, Plaintiff will request that an order be issued: (1) prohibiting Defendant(s) from destroying discoverable information; and (2) requiring that Defendant preserve all discoverable information.

Defendant's actions continue to be damaging and irreparable. Based on the evidence, it is likely that the Defendant will continue its malicious eviction attempts, and it is unclear to what end violence may be on either Defendants' mind, but both have refused to comply with basic requests to protect and secure information following the conflict.

**C. The Balance Of Hardships And Public Policy Favor The Relief Plaintiff Requests.**

The balance of hardships in this case likewise compels the issuance of the requested injunctive relief. As described in the previous sections, I have suffered

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION    8.

support animal in close proximity to the physical threat.

 (g) causing guests of VRRV to believe security measures are in place when they are not, and then profit from that misdirection.

 (h) further actions toward an eviction, or refusing to renew without cause (assuming Mr. Doria pays the required rental amount)

 (i) setting an OSC re preliminary injunction within fourteen (14) days of the issuance of the TRO. At the preliminary injunction hearing, Plaintiff will request that an order be issued: (1) prohibiting Defendant(s) from destroying discoverable information; and (2) requiring that Defendant preserve all discoverable information.

Defendant's actions continue to be damaging and irreparable. Based on the evidence, it is likely that the Defendant will continue its malicious eviction attempts, and it is unclear to what end violence may be on either Defendants' mind, but both have refused to comply with basic requests to protect and secure information following the conflict.

### D. No Bond Should Be Required

Federal Rule of Civil Procedure 65(c) vests the district court with the discretion as to whether to require a bond, and if so, the amount of the bond required, if any. See *Jorgansen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 2003).

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

9.

The district court may dispense with the filing of a bond (*id.; see also Gorbach v. Reno*, 219 F .3d 1087 (9th Cir. 2000)) and a strong likelihood of success on the merits may also favor "a minimal bond or no bond at all." *See California v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985).

The requested relief will cause no damage to Defendants, as the court is simply being asked to maintain the legal status quo. Granting the relief will cause no expense to VRRV or VVI.

## IV. CONCLUSION

For the foregoing reasons, I respectfully request that the Court grant the relief requested by this application in its entirety and set a preliminary injunction hearing and briefing schedule.

Dated: January 17th, 2023

/s/ Daniel T. Doria
Daniel T. Doria

Daniel T. Doria, Pro Se
1472 W. Horseshoe Bend Dr.
Space 238
Camp Verde, AZ 86322-7906
702.279.5326

MPA ISO APPLICATION FOR TRO AND
OSC RE PRELIM INJUNCTION

10.