**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Doria,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Verde River RV Resort & Cottages, et al.,<br><br>　　　　　　Defendants. | No. CV-23-08008-PCT-DLR<br><br>**ORDER** |

　　　　Plaintiff Daniel Doria, an Arizona resident, sues two Arizona companies and seeks a temporary restraining order against them.  This Court has an independent obligation to address whether it has subject-matter jurisdiction over cases on its docket. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).  As explained below, the Court lacks subject-matter jurisdiction over this case, so it must be dismissed.

　　　　"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968 (9th Cir. 1981).  Subject-matter jurisdiction comes in two flavors. First, there's diversity jurisdiction, which exists "when each defendant is a citizen of a different state from each plaintiff," and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983).  Second, there's federal question jurisdiction, which exists when the complaint includes claims that "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

　　　　The Court lacks diversity jurisdiction because Plaintiff and Defendants all are from

the same state. That leaves federal question jurisdiction, which Plaintiff attempts to manufacture by alleging Defendants have violated 18 U.S.C. §§ 1028, 2261A. But these are federal criminal statutes, which generally do not provide for a private civil right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rhodes v. Robinson*, 399 F. App'x 160, 165 (9th Cir. 2010) ("Only the U.S. Attorney can initiate criminal proceedings in federal court."). A party asserting such a private right bears the burden of establishing its existence. *Stupy v. United States Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir.1991) (identifying factors that may establish a private right of action conferred under a criminal statute). And here "Plaintiff has provided no authority or argument supporting his implicit contention that he may maintain a private right of action under th[ese] criminal statute[s]." *Yeager v. City of San Diego Cal.*, No. 05CV2089–BEN (WMC), 2007 WL 7032933, at *9 (S.D. Cal. June 1, 2007). This jurisdictional defect is not curable by amendment; no additional facts will transform Plaintiff, a private citizen, into a United States Attorney. *See Bailey v. Clarke*, No. 12-CV-1100-IEG KSC, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012) (dismissing private individual's attempt to state criminal claims). With no cognizable federal claims at issue, this Court lacks federal question jurisdiction. If Plaintiff wants to proceed with his state law claims against Defendants, he must file his lawsuit in state, rather than federal, court.

**IT IS ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The Clerk of the Court shall terminate any pending motion and close this case.

Dated this 20th day of January, 2023.

Douglas L. Rayes
United States District Judge